**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| ---------------------------------------------- x | | |
| IN RE:  ASBESTOS PRODUCTS : | | |
| LIABILITY LITIGATION (NO. VI) : | CIVIL ACTION NO. MDL 875 | |
| ---------------------------------------------- x | | |
| This Document Relates To: : | | |
| ---------------------------------------------- x | | |
| Georgia Arendt, Individually and as : | | |
| Special Administrator of the Estate of : | | |
| Anthony Arendt, Deceased, : | | |
| : | | |
| Plaintiff, : | Transferee E.D. Pa. | |
| : |    Case No. 13-cv-60017-ER | |
| v. : | | |
| : | Transferor E.D. Wis. | |
| A.W. Chesterton Company, et al., : |    Case No. 13-CV-727 | |
| : | | |
| Defendants. : | | |
| ---------------------------------------------- x | | |

**OWENS-ILLINOIS, INC.'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Administrative Order No. 11, Owens-Illinois, Inc. ("Owens-Illinois") re-files this unresolved motion from the transferee court and respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.  In support of its motion, Owens-Illinois states as follows:

**<u>INTRODUCTION</u>**

Under Wisconsin law, Plaintiff's wrongful death claim cannot succeed because the underlying personal injury claim cannot succeed.  In 2009 Anthony Arendt ("the decedent") filed a federal complaint (the "2009 Personal Injury Claim") against Owens-Illinois and others alleging personal injury resulting from exposure asbestos-containing products.  Compl. ¶¶ 7-10, No.

09-cv-00757, attached as Ex. A.  That case was transferred to the United States District Court for the Eastern District of Pennsylvania as part of MDL 875.  On March 12, 2012, the MDL 875 Court dismissed the action with prejudice.  Order Granting Mot. Dismiss at ¶5, Mar. 12, 2012, attached as Ex. B.  The decedent then appealed the dismissal with prejudice, and the Third Circuit affirmed.  *In re Asbestos Prods. Liab. Litig.* (No. VI), 718 F.3d 236, 245-46 (3d Cir. 2013), attached as Ex. C.

On June 26, 2013, Georgia Arendt filed this wrongful death action based on the same alleged exposure to Owens-Illinois products.  Compl. ¶¶ 25-28, ECF No. 1, attached as Ex. D.  Under the Wisconsin Wrongful Death Statute, however, Plaintiff can only recover for wrongful death if the decedent could have recovered for the underlying personal injury action.  Because the underlying personal injury action was dismissed with prejudice, Plaintiff cannot recover under wrongful death, and her complaint should be dismissed with prejudice.

## **LEGAL STANDARD**

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted."  *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim.  *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).  Although a court generally may not consider matters outside of the pleadings when reviewing a

motion to dismiss, it may consider matters in the public record of which it can take judicial notice, including prior judgments. *Jones v. Int'l Ass'n of Bridge Structural Ornamental & Reinforcing Iron Workers*, 864 F. Supp. 2d 760, 773 (E.D. Wis. 2012). A motion to dismiss under Rule 12(b)(6) of the Rules of Civil Procedure should be granted if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Edmonds v. Operating Engineers Local 139*, 620 F. Supp. 2d 966, 972 (W.D. Wis. 2009) (granting motion to dismiss where plaintiff's claim was barred by claim preclusion).

## ARGUMENT

Plaintiff cannot recover on her wrongful death claim because judgment was entered against the decedent on his personal injury claim against Owens-Illinois. Under the Wisconsin Wrongful Death Statute,[1] wrongful death claims are derivative of underlying claims for personal injury. Wis. Stat. Ann. § 895.03 (West); *Ruppa v. Am. States Ins. Co.*, 91 Wis. 2d 628, 646, 284 N.W.2d 318, 325 (1979). Accordingly, a plaintiff may recover for wrongful death only if the decedent could have recovered for the underlying personal injury. *Id.* (holding release that prohibited plaintiff from recovering for personal injury action barred derivative wrongful death suit based on the same claim); *Lord v. Hubbell, Inc.*, 210 Wis. 2d 150, 166, 563 N.W.2d 913, 920 (Wis. Ct. App. 1997) ("A wrongful death claim is derivative of the decedent's claim for personal

---

[1] Because the court's jurisdiction is based solely on diversity of citizenship between the parties, Wisconsin law governs substantive issues in this case. *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427 (1996).

injury in that there is liability under the former only if and to the extent that the injured person could have recovered had death not occurred.").

In this case, the decedent actually filed an action based on the same alleged injuries that form the basis of Plaintiff's wrongful death action. The decedent failed to support his claims with evidence, a judgment was entered against him for failure to support his claim, and the judgment was affirmed on appeal. *In re Asbestos Prods. Liab. Litig.* (No. VI), 718 F.3d at 245-46 (holding "the District Court did not err in concluding that Plaintiff's [evidentiary submissions of asbestos related medical impairment] . . . were deficient"). That judgment finding the decedent could not recover on his personal injury claims is binding on this court. *Caterpillar Tractor Co. v. Int'l Harvester Co.*, 120 F.2d 82, 85-86 (3d Cir. 1941) ("A judgment rendered by a federal court is entitled to the same faith and credit as one rendered by the court of the state where it is sitting."); *Semler v. Psychiatric Inst. of Washington, D.C., Inc.,* 575 F.2d 922, 927-28 (D.C. Cir. 1978) (holding federal court was required to give full faith and credit to judgment in another federal court siting in diversity); *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 618 (8th Cir. 1994) (recognizing federal court must afford full faith and credit to judgment in another federal court).

Because the decedent could not recover for these personal injuries before his death, Plaintiff cannot recover for wrongful death based on these injuries. Therefore, Plaintiff's wrongful death claim should be dismissed with prejudice. Wis. Stat. Ann. § 895.03; *Ruppa*, 91 Wis. 2d at 646, 284 N.W.2d at 325 (1979).

## CONCLUSION

**WHEREFORE**, Owens-Illinois, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  Owens-Illinois further requests any additional relief that this Court deems just and appropriate.


Dated:   August 31, 2013                    Respectfully submitted,


                                            By: /s/Brian O. Watson
                                                Matthew J. Fischer
                                                Joshua D. Lee
                                                Brian O. Watson
                                                Schiff Hardin LLP
                                                233 S. Wacker Dr. Suite 6600
                                                Chicago, Illinois  60606
                                                (312) 258-5500
                                                (312) 258-5600 (facsimile)

                                                *Attorneys for Defendant*
                                                *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 31, 2013, the foregoing was filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1253
CH2\13423128.6

- 6 -