IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Georgia Arendt, individually and as Special Administrator of the Estate of Anthony Arendt, Deceased<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>A.W. Chesterton Company, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:13-CV-60017 |

**PLAINTIFF'S RESPONSE TO OWENS-ILLINOIS, INC.'S MOTION TO DISMISS**

　　　　Owens-Illinois, Inc. has filed a motion to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that plaintiff's case is barred by the Wisconsin Wrongful Death Statute. Plaintiff asks that defendant's motion be denied.

**Introduction**

　　　　The Wisconsin Wrongful Death Statute states, "Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof(.)" Wis. Stat. § 895.03. Defendant contends the earlier dismissal of an asbestos case filed by Anthony Arendt, while he was still alive, bars the instant claim for the different disease of asbestosis. The instant claim is based on allegations of a different disease and evidence of conditions and "impairment" caused by asbestos which was not alleged or considered in dismissing the earlier case.

　　　　According to Dr. Henry Anderson's September 24, 2013 report, prepared almost two years after the first complaint was dismissed, Anthony Arendt's death was caused by "pleural thickening, calcified plaques, and interstitial fibrosis(.)" Ex. 1 at 3. These conditions were

1

caused by Mr. Arendt's exposure to asbestos.  Id.   The question  under the Wisconsin Wrongful Death Statute is whether these medical conditions would have entitled Mr. Arendt to maintain an action, had Mr. Arendt not died.[1]

## **Argument**

The only argument Owens-Illinois offers for why this case should be dismissed is that the underlying claim was already dismissed in a prior case.   The claims in the present case, however, are based on a different medical condition than what was alleged or shown in the prior case.   The causal connection between the conditions that caused Mr. Arendt's death were not documented medically during the pendency of Mr. Arendt's original action and were never alleged in the prior case.

Mr. Arendt's prior case alleged only "asbestos disease," with the original claim filed on August 5, 2009.   Ex. 2 at 2.   These non-specific allegations must be understood in terms of the actual evidence offered through the AO12 process. No evidence of "impairment" of the lungs was claimed in that case. The conditions in the medical records were not linked by any letter of causation to asbestos.   In his November 9, 2011 order, Judge Robreno held that bilateral pleural thickening without "impairment" was not a compensable injury.   Ex. 3 at 21.   Four months later, the court dismissed Mr. Arendt's lawsuit for "failure to show any asbestos-related medical impairment" in the AO12 report documentation.   Ex. 4 at 3. A dismissal for failure to show a compensable injury does not bar a later case which is based on allegations and evidence of a compensable injury.

The newly filed case is based on different allegations of "asbestosis." Compl. ¶ 28 (Ex.

---

[1] Defendant does not claim the statute of limitations has run on what can be filed. Defendant only claims the earlier dismissal is a bar.

5.) The case law under FRCP 12(b)(6) establishes the principle that the allegations of the pleadings must be taken as true on a motion to dismiss. *Martin v. Davies*, 917 F.2d 336, 340-41 (7th Cir. 1990). The allegation of asbestosis is a different disease than the earlier complaint and can be linked by causal evidence and, if need be, proof of impairment.

Additionally, medical evidence shows the difference in the two cases. A medical report dated September 24, 2013, which concludes several conditions such as "calcified plaques" and "interstitial fibrosis" were also present and caused by asbestos.   Ex. 1 at 1-2. The report also finds "restrictive pulmonary function" which had not been alleged in the first case and was not part of the AO12 submission. Ex. 1 at 2. Restrictive pulmonary function constitutes an "impairment" which was not alleged in the first case. Mr. Arendt died on February 2, 2013.   His wife, Georgia Arendt, filed her wrongful death claim and the estate's surviving claim on June 26, 2013 based on the different condition and findings of impairment being caused by asbestos that were not alleged in the earlier case.

## Conclusion

Georgia Arendt's wrongful death claim is based on medical conditions and an asbestos-related "impairment" that has never been alleged before.   The pleading of the new claim is permitted under the Wisconsin Wrongful Death Statute.   Therefore, plaintiff asks that Owens-Illinois, Inc.'s motion to dismiss be denied.


Dated:   October 14, 2013.


  s/ Michael P. Cascino
Attorney for Plaintiff

3

Michael P. Cascino
CASCINO VAUGHAN LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago IL 60607
Phone: 312-944-06000