**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

|  |  |
|---|---|
| Georgia Arendt,  individually and as Special Administrator of the Estate of Anthony Arendt, Deceased<br>         Plaintiff,<br><br>  v.<br><br>A.W. Chesterton Company, *a corporation*;<br>Albany Felt Company, Inc., *a corporation;*<br>Brandon Drying Fabrics, Inc., *a corporation*;<br>CBS Corporation, *a corporation*;<br>Crane Company, *a corporation*;<br>General Electric Company, *a corporation*;<br>Georgia Pacific, LLC, *a corporation*;<br>John Crane, Inc., *a corporation*;<br>M-E-C Company, *a corporation*;<br>Metso Paper U.S.A., Inc., *a corporation*;<br>Mount Vernon Mills, Inc*., a corporation*;<br>Orr Felt Company, *a corporation*;<br>Owens-Illinois, Inc., *a corporation*;<br>Pneumo Abex Corporation, *a corporation*;<br>Uniroyal, Inc., *a corporation*;<br>Xerium Technologies, Inc., *a corporation*;<br><br>and<br><br>The Attorney General for the State of Wisconsin (*as a third-party defendant*),<br>         Defendants. | Case No. 1:13-CV-727 |



EXHIBIT
5
_____

## COMPLAINT

Now comes the plaintiff, Georgia Arendt, (hereinafter "Plaintiff"), individually and as Special

Administrator of the Estate of Anthony Arendt (hereinafter "Decedent"), by and through her

attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

## JURISDICTION

1.  Plaintiff  Georgia Arendt is the wife of decedent Anthony Arendt and resides in New

Franken, Wisconsin.

2.     Decedent passed away on February 13, 2013.

3.     Decedent, prior to his death, was an adult citizen and resident of Wisconsin and resided in New Franken, Wisconsin.

4.     **Defendant A. W. Chesterton Company** manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

5.     **Defendant Albany Felt Company, Inc.**, f/k/a Albany International Corp., manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

6.     **Defendant Brandon Drying Fabrics, Inc.** manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

7.     **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos-containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors, cranes, and electrical switchgear.  Westinghouse also erected and maintained steam generation equipment.

8.     **Defendant Crane Company** designed, manufactured, and/or sold asbestos-containing products, including without limitation gaskets, packing, and valves.

9.     **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos-containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

10. **Defendant Georgia Pacific, LLC** manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

11. **Defendant John Crane, Inc.** designed, manufactured, and/or sold asbestos products, including without limitation gaskets and packing.

12. **Defendant M-E-C Company** designed, manufactured, sold, erected, installed and/or maintained drying systems and other equipment for the paper-making industry which contained asbestos products, including without limitation, brakes, pipe insulation and other insulated components.

13. **Defendant Metso Paper U.S.A., Inc.** manufactured and sold paper-making machinery and paper-conversion equipment which contained asbestos products, including without limitation, brakes.

14. **Defendant Mount Vernon Mills, Inc.** manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

15. **Defendant Orr Felt Company** manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

16. **Defendant Owens-Illinois, Inc.** manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation.

17. **Defendant Pneumo Abex Corporation** is responsible for the conduct of Abex Corp., American Brakeblok Division f/k/a American Brake Shoe Co.  Abex Corp. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

18. **Defendant Uniroyal, Inc.** manufactured, sold, and/or designed asbestos products,

including without limitation cloth, textiles, yarn, gaskets, brakes and friction products.

19.    **Defendant Xerium Technologies, Inc.** is responsible for the conduct of Weavexx Corporation. Weavexx Corporation manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

20.    **Third Party Defendant the Attorney General for the State of Wisconsin** is included in this lawsuit to be notified that the Plaintiff, by this complaint, challenges the constitutionality of certain Wisconsin State Statutes and Laws, or the application thereof, or both. (*See* Plaintiff's Count III: Declaratory Judgment.)

21.    Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products."  Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

22.    Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

23.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

24.    Venue is proper pursuant to Title 28, United States Code, §1391.

## COUNT I: WRONGFUL DEATH AND LOSS OF CONSORTIUM

25.    Decedent was employed as a factory worker at Green Bay Paper from 1953 to 1992. Decedent was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed,

packaged, installed or otherwise placed into commerce by defendants prior to 1980.

26.    Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by those working with or near asbestos products.

27.    Decedent became aware of the asbestos-related condition and that the condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

28.    As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with asbestosis. Decedent died of respiratory failure on February 13, 2013.

29.    Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

30.    It was reasonably foreseeable by defendants that Decedent and other workers would be working with or in the proximity of defendants' asbestos products.

31.    Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked with or were exposed to the defendants' asbestos products.

32.    Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death and that Decedent did not know that asbestos products were dangerous or harmful.

33.    Notwithstanding the aforementioned duty, the defendants were negligent by one or more of the following acts or omissions:

   a.    Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b.    Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

c.    Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

d.    Failed to instruct Decedent, his employers, or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment;

e.    Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

34.    Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of Decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and Plaintiff.

## COUNT II: PUNITIVE DAMAGES

35.    The defendants acted maliciously, with intentional disregard for the rights, health, and safety of the decedent, for which Plaintiff is entitled to recover punitive damages.

## COUNT III: DECLARATORY JUDGMENT

36.    Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

37.    Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

38.    Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats.,

to the facts of this case would be unreasonable and unconstitutional, in violation of

Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United

States, and in violation of Article IV, §17(2) of the Constitution of the State of

Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v.

Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## **PRAYER FOR RELIEF**

39.   Plaintiff prays for relief as follows:

   a.   Judgment against defendants, jointly and severally, for compensatory and general
        damages.

   b.   Such further legal and equitable relief as the Court orders to do justice in this
        case; costs and disbursements of this action.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by a jury of 6.


Dated: June 26, 2013


 /S/ Michael P. Cascino_____
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com