**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | **Civil Action No. MDL 875** |
| **Georgia Arendt, Individually and as Special Administrator of the Estate of Anthony Arendt,** | |
| **Plaintiff,** | **PA-ED Case No. 13-cv-60017** |
| **v.** | WI-ED Case No. 13-cv-00727 |
| **A.W. Chesterton Company, et al.,** | |
| **Defendants.** | |

## DEFENDANT GEORGIA-PACIFIC LLC, F/K/A GEORGIA-PACIFIC CORP.'S MOTION FOR SUMMARY JUDGMENT

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp. ("Georgia-Pacific"), moves this Court to enter an Order dismissing Plaintiff's Complaint.  Plaintiff Georgia Arendt ("Plaintiff") filed the instant action in the United States District Court for the Eastern District of Wisconsin on June 26, 2013, alleging that her husband, Anthony Arendt ("Decedent"), was "exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants prior to 1989."  (*Exhibit A*, pp.4-5, ¶ 25). Plaintiff further alleges that "as a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with asbestosis.  Decedent died of respiratory failure on February 13, 2013."  (*Id.*, p. 5, ¶ 28).  Plaintiff asserts claims for wrongful death and loss of consortium against Defendants, including Georgia-Pacific.

Decedent previously had his own asbestos personal injury lawsuit.  On March 12, 2012, Decedent's case was dismissed, as Judge Robreno held that Decedent failed to show any

asbestos-related medical impairment. (*See* the March 12, 2012 order, pp.3-4, attached hereto as *Exhibit D*).    Plaintiff's loss of consortium and wrongful death claims are derivative of Decedent's asbestos personal injury lawsuit.   As Decedent's own asbestos-personal injury lawsuit was dismissed for failure to establish any asbestos-related medical impairment, Plaintiff's loss of consortium and wrongful death claims must also be dismissed.

WHEREFORE, Defendant, Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint, with prejudice, and for any other further relief as this Court deems just and proper under the circumstances.

Dated: October 28, 2013

By: _____
Michael W. Drumke
Attorney for Defendant Georgia-Pacific LLC
Swanson, Martin & Bell, LLP
330 North Wabash Avenue
Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990
E-mail: mdrumke@smbtrials.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| In Re: Asbestos Product Liability Litigation (No. VI) | Civil Action No. MDL 875 |
|---|---|
| Georgia Arendt, Individually and as Special Administrator of the Estate of Anthony Arendt,<br><br>      **Plaintiff,**<br><br>**v.**<br><br>A.W. Chesterton Company, et al.,<br><br>      **Defendants.** | **PA-ED Case No. 13-cv-60017**<br><br>WI-ED Case No. 13-cv-00727 |

## DEFENDANT GEORGIA-PACIFIC LLC, F/K/A GEORGIA-PACIFIC CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp., ("Georgia-Pacific"), and for its Memorandum of Law in Support of its Motion for Summary Judgment, states as follows:

## I.  INTRODUCTION

Plaintiff Georgia Arendt ("Plaintiff") filed the instant action in the United States District Court for the Eastern District of Wisconsin on June 26, 2013.  (*See* Plaintiff's Complaint, attached hereto as *Exhibit A*).  Plaintiff alleges that her husband, Anthony Arendt ("Decedent"), was "exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants prior to 1989." (*Exhibit A*, pp.4-5, ¶ 25). Plaintiff further alleges that "as a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with asbestosis.  Decedent died of respiratory failure on February 13, 2013." (*Id.*, p. 5, ¶ 28).  Plaintiff asserts claims for wrongful death and loss of

consortium against Defendants, including Georgia-Pacific.   Plaintiff asserts no other claims against Defendants.  On August 27, 2013, Plaintiff's case was transferred to MDL 875.

Decedent previously had his own asbestos personal injury lawsuit.   Decedent filed his lawsuit in the United States District Court for the Eastern District of Wisconsin on August 5, 2009.   (*See* Decedent's Complaint, attached hereto as *Exhibit B*).   Decedent alleged in his complaint that he was diagnosed with "asbestos disease."   (*Exhibit B*, ¶ 10).   However, Decedent's answers to the standard interrogatories stated that Decedent had developed "asbestosis causing breathing impairment."   (*See* Decedent's Verified Responses to Standard Interrogatories, p. 2, attached hereto as *Exhibit C*).   On March 12, 2012, Decedent's case was dismissed, as Judge Robreno held that Decedent failed to show any asbestos-related medical impairment.   (*See* the March 12, 2012 order, pp.3-4, attached hereto as *Exhibit D*).    That decision was appealed, but was ultimately upheld by the Third Circuit Court of Appeals.  (*See* the June 24, 2013 order, attached hereto as *Exhibit E*).

## II.    ARGUMENT

Plaintiff's complaint should be dismissed with prejudice because Decedent's own asbestos personal injury lawsuit was dismissed on the basis that he had failed to show any asbestos-related medical impairment.   As Plaintiff's wrongful death and loss of consortium claims are derivative of Decedent's own claims, they must also be dismissed.

Federal Rule of Civil Procedure 12(b)(6) provides:  "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.   But a party may assert the following defenses by motion:   failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 12(d) provides in part:  "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

2

excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  Plaintiff's case was originally filed in the United States District Court for the Eastern District of Wisconsin.  Plaintiff further alleged that "jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, § 1332 of Title 28, United States Code."  (*See Exhibit A*, p. 4, ¶ 22).  For cases based on diversity of citizenship, "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938).  Therefore, Plaintiff's claims are governed by Wisconsin law.

In Wisconsin, "claims for the loss of society, companionship and consortium are derivative even though they technically 'belong' to the close relative making the claim." *Finnegan v. Wis. Patients Corp*., 2003 Wis. 98, ¶ 26 (2003).  In addition, "a derivative claim for loss of consortium or loss of society and companionship does not have its own elements distinct from the negligence claim to which it attaches; juries are instructed that loss of consortium or loss of society and companionship are categories of damages, not separate negligence inquires." *Id*. at ¶ 28.  Regarding wrongful death action in Wisconsin, "a wrongful death claim is derivative of the decedent's claim for personal injury in that there is liability under the former only if and to the extent that the injured person could have recovered had death not occurred."  *Lord by Albert v. Hubbell, Inc*., 210 Wis.2d 150, 166 (Wis. Ct. App. 1997).

This Court has already determined that Decedent failed to show any asbestos-related medical impairment.  (*See Exhibit D*).  Plaintiff's loss of consortium and wrongful death claims are derivative of Decedent's asbestos personal injury lawsuit.  As Decedent's own asbestos-personal injury lawsuit was dismissed for failure to establish any asbestos-related medical impairment, Plaintiff's loss of consortium and wrongful death claims must also be dismissed.

3

WHEREFORE, Defendant, Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp., respectfully requests that this Court enter an Order dismissing Plaintiff's complaint as to Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp. with prejudice, and for any other further relief as this Court deems just and proper under the circumstances.

Dated: October 28, 2013

By: _____

Michael W. Drumke
Attorney for Defendant Georgia-Pacific LLC
Swanson, Martin & Bell, LLP
330 North Wabash Avenue
Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990
E-mail: mdrumke@smbtrials.com

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | **Civil Action No. MDL 875** |
| **Georgia Arendt, Individually and as Special Administrator of the Estate of Anthony Arendt,** | |
| **Plaintiff,** | **PA-ED Case No. 13-cv-60017** WI-ED Case No. 13-cv-00727 |
| **v.** | |
| **A.W. Chesterton Company, et al.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2013, I electronically filed with this Court's ECF system, Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp.'s, Motion for Summary Judgment and Memorandum of Law in support of the same, which will send notification of such filing to the following:

Mr. Michael P. Cascino, Cascino Vaughan Law Offices, Ltd., 220 S. Ashland Ave., Chicago, IL 60607, and all counsel of record.

Michael W. Drumke
Attorney for Defendant Georgia-Pacific LLC
Swanson, Martin & Bell, LLP
330 North Wabash Avenue
Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990
E-mail: mdrumke@smbtrials.com

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | **Civil Action No. MDL 875** |
| **Georgia Arendt, Individually and as Special Administrator of the Estate of Anthony Arendt,** | |
| **Plaintiff,** | **PA-ED Case No. 13-cv-60017** |
| **v.** | WI-ED Case No. 13-cv-00727 |
| **A.W. Chesterton Company, et al.,** | |
| **Defendants.** | |

**<u>PROPOSED ORDER</u>**

This matter coming before the Court on Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp.'s Motion for Summary Judgment, it is hereby ordered that:

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp.'s Motion for Summary Judgment is GRANTED.  Plaintiff's Complaint is dismissed as to Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp., with prejudice.

DATED: _____, 2013

_____
Honorable Eduardo C. Robreno