IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| ARENDT v. VARIOUS DEFENDANTS | : : : : : | Case No. 13-60017 |

FILED
MAR 11 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## O R D E R

**AND NOW**, this **10th** day of **March, 2014**, it is hereby

**ORDERED** that Defendant Owens-Illinois, Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 1) is **DENIED**.[1]

---

[1] Defendant Owens-Illinois, Inc. moves to dismiss Plaintiff's complaint because her claims are allegedly precluded.

Plaintiff Georgia Arendt ("Mrs. Arendt") filed her complaint on June 26, 2013 in the Eastern District of Wisconsin alleging, inter alia, a cause of action for wrongful death (Wis. Stat. § 895.03 and § 895.04). Plaintiff's claims derive from her husband's diagnosis of asbestosis. See Pl.'s Compl. at ¶ 28. Mr. Arendt passed away on February 13, 2013. Id.

Previously, Mr. Arendt had filed a personal injury lawsuit in 2009 for "asbestos disease." Mr. Arendt's personal injury complaint was dismissed by this Court with prejudice in 2012. The Third Circuit affirmed the dismissal of the decedent's complaint. Defendant Owens-Illinois was a party to the 2009 lawsuit. Defendant now asserts that Plaintiff's present claims are precluded by the dismissal of Mr. Arendt's claims.

**I.   Legal Standard**

   A.   The Applicable Law

      1.   Procedural Matters (Federal Law)

      In multidistrict litigation, "on matters of procedure,

the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009) (Robreno, J.). Therefore, in addressing the procedural matters herein, the Court will apply federal law as interpreted by the Third Circuit Court of Appeals. Id.

        2.    Substantive Matters (State Law)

The parties agree that Wisconsin substantive law applies in this case. Therefore, this Court will apply Wisconsin law in deciding Defendant's motion. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

## II. Defendant's Motion to Dismiss

### A. Defendant's Arguments

Defendant asserts that Plaintiff's claims cannot succeed because the underlying personal injury claim was dismissed by this Court with prejudice. According to Defendant, Plaintiff may only recover for wrongful death if her decedent could have recovered for the underlying personal injury. See Ruppa v. Am. States Ins. Co., 284 N.W.2d 318, 325 (1979). Here, Defendant argues that decedent filed an action based on the same alleged injuries that form the basis of the instant complaint. Because the decedent's complaint was dismissed with prejudice for those injuries before his death, Plaintiff cannot now recover for wrongful death based on those injuries.

### B. Plaintiff's Arguments

Plaintiff asserts that the claims in the instant case are based on a different medical condition than what was alleged in the prior case. According to Plaintiff, "[t]he causal connection between the conditions that caused Mr. Arendt's death were not documented medically during the pendency of Mr. Arendt's original action and were never alleged in the prior case." Plaintiff asserts that the decedent's complaint alleged "asbestos disease" and did not offer evidence of "impairment" of the lungs. In contrast, the instant case is based on allegations of "asbestosis" which is a different disease than the prior complaint.

### III. Analysis

Defendant asserts that Plaintiff's claims are precluded by this Court's dismissal of the decedent's prior complaint. Plaintiff asserts that her claims are not precluded because they are based on a different injury.

To survive a 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). The Court of Appeals for the Third Circuit has made clear that after Ashcroft v. Iqbal, 556 US 662, 688 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Iqbal, 556 US at 678).

The Court notes that it generally will not consider matters outside the pleadings in deciding a motion to dismiss. See Fed. R. Civ. P. 12(d). However, the Court will consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document[s]." In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir. 1999).

Plaintiff's claims are based on her husband's diagnosis and subsequent death from asbestosis. Mr. Arendt's claims were dismissed with prejudice in 2012 for failure to show an asbestos-related medical impairment. See Def.'s Ex. B. The Third Circuit affirmed this dismissal in noting that "the District Court [previously] concluded...[that] 'pleural thickening' does not satisfy AO 12's requirement of showing an asbestos-related disease, and Plaintiff's AO 12 submission discuss[ed] only 'pleural thickening.'" In Re Asbestos Products Liability litigation (No. VI), 718 F.3d 236, 245 (3d Cir. 2013). Accordingly, Plaintiff's 2009 complaint for "asbestos disease" was dismissed because the asbestos disease supported in the AO 12 submissions was not sufficient to state a claim for relief.

Now, Plaintiff pleads a cause of action in wrongful death to recover for "asbestosis." Importantly, Wisconsin

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

---

recognizes the "two disease rule" (a.k.a "separate disease rule") such that Plaintiff is required to file a second claim/case (or amend the existing complaint) when a new distinct asbestos-related condition is discovered. Sopha v. Owens Corning Fiberglas Corporation GAF, 230 Wis.2d 212, 227 (Wis. 1999). It clear from the face of the two complaints that Plaintiff's claim for asbestosis is distinct from the pleural thickening "asbestos disease" claim that was previously dismissed by this Court. See Reno v. AC and S, Inc., No. 09-60293, ECF No. 197 (E.D. Pa. June 24, 2013) (Robreno, J.)(holding plaintiff was required to plead separate causes of action for asbestosis and pleural thickening). Accordingly, Plaintiff's claims are not precluded.