## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Asbestos Products Liability Litigation (No. VI) | } } } } | MDL Docket No. MDL 875 |
| _____ | } } | |
| This document relates to: | } | |
| | } | |
| Gloria Arendt, Individually and as Administrator of the Estate of Anthony Arendt, Deceased, | } } } } | E.D. Pa. No. 2:13-cv-60017-ER (Judge Eduardo C. Robreno) |
| Plaintiff, | } } | Transferor District Court: Western District of Wisconsin Case No. 13-0727 |
| v. | } } | |
| A.W. Chesterton Co., et al., | } } | |
| Defendants. | } | |

## DEFENDANT CRANE CO.'S
## MOTION FOR SUMMARY JUDGMENT

Under F.R.C.P. 56, Defendant Crane Co. moves for summary judgment as to all of Plaintiff's claims. In support of this motion, Crane Co. states:

1.      Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

2.      This case has been pending in the MDL-875 since August 27, 2013. Fact discovery closed on April 14, 2014. Plaintiff has not presented any evidence demonstrating that Anthony Arendt was exposed to any product—asbestos-

containing or otherwise—made or sold by Crane Co., and Crane Co. cannot be held liable for products it did not make or sell.

Accordingly, Crane Co. respectfully requests the Court to enter an Order granting summary judgment in favor of Crane Co., and dismissing all of Plaintiff's claims (and any pending cross-claims) against it.

Dated: August 11, 2014          Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T:  412-355-6500
F:  412-355-6501

*Attorneys for Defendant Crane Co.*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Asbestos Products Liability Litigation (No. VI) | } } } } } } | MDL Docket No. MDL 875 |
| _____ | } | |
| This document relates to: | } | |
| | } | |
| Gloria Arendt, Individually and as Administrator of the Estate of Anthony Arendt, Deceased, | } } } } | E.D. Pa. No. 2:13-cv-60017-ER (Judge Eduardo C. Robreno) |
| Plaintiff, | } } | Transferor District Court: Western District of Wisconsin |
| v. | } } } | Case No. 13-0727 |
| A.W. Chesterton Co., et al., | } } | |
| Defendants. | } | |

## DEFENDANT CRANE CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### Introduction

The Court should grant summary judgment to Crane Co. because there is no evidence that Anthony Arendt worked with or around any product—asbestos-containing or otherwise—made or sold by Crane Co.

### Procedural History

Plaintiff filed her complaint on June 26, 2013 in the Eastern District of Wisconsin, and the case was subsequently transferred to the MDL-875. Plaintiff alleges that Mr. Arendt was exposed to numerous defendants' products while working at Green Bay Paper in Green Bay, Wisconsin. Discovery closed on April 14,

2014. Throughout the course of discovery, Plaintiff did not offer any witnesses who could testify that Mr. Arendt worked with or around a Crane Co. product. Crane Co. now moves for summary judgment because there is no evidence to support Plaintiff's claims against it.

<u>Argument</u>

**1. Plaintiff has failed to establish that exposure to a Crane Co. product caused Mr. Arendt's alleged injuries.**

Under Wisconsin law, Plaintiff must demonstrate that Mr. Arendt worked with or around a particular defendant's product sufficiently to establish that the product was a substantial factor in causing his injury. *See Merco Distg. Corp. v. Commercial Police Alarm Co.*, 267 N.W.2d 652 (Wis. 1978) (holding that a plaintiff must show a defendant's conduct was a substantial factor—that it had such an effect in producing the harm that the trier of fact would regard it a cause); *see also Solar v. Kawasaki Motor Corps.*, 221 F. Supp. 2d 967, 971 (E.D. Wis. 2002). Here, as discussed, there is no admissible evidence that could possibly create an issue of fact regarding product identification, much less substantial-factor causation.

Mr. Arendt was deposed over three days in a previous lawsuit. Crane Co. was not present at this deposition nor was it a party to that case, so that testimony is hearsay and inadmissible for use against Crane Co. *See Cowley v. ACandS, Inc.,* No. 07-03621, 2010 WL 5376338, *4 (E.D. Pa. 2010) (Robreno, J.). Regardless, Mr. Arendt did not identify Crane Co. as the manufacturer or supplier of any products he may have worked with or around during his career. Accordingly, the Court should grant summary judgment in favor of Crane Co.

- 4 -

**2. Crane Co. is not liable for asbestos-containing materials it neither made nor sold.**

Even if Plaintiff could demonstrate that Mr. Arendt worked with or around a Crane Co. valve, a valve is not an asbestos-containing product. And even if Plaintiff could prove that any component parts used with a Crane Co. valve contained asbestos, Crane Co. is still entitled to summary judgment because it did not make or sell those materials, and Crane Co. cannot be held liable for products it neither made nor sold. *See Shawver v. Roberts Corp.*, 280 N.W.2d 226, 233 (Wis. 1979) (holding that the manufacturer of a conveyor could not be held liable for the defect in a control system used with the conveyor which was neither manufactured nor supplied by the conveyor manufacturer, even if the control system was necessary for the conveyor to function properly); *see also Schreiner v. Weiser Concrete Prods.*, 720 N.W.2d 525, 530 (Wis. Ct. App. 2006). This principle is consistent with the majority view nationwide on this issue.[1] Accordingly, Crane Co. is entitled to summary judgment regardless of whether Plaintiff could demonstrate exposure to Crane Co. valves.

## <u>Conclusion</u>

Because there is no evidence that Mr. Arendt worked with or around a Crane Co. product—asbestos-containing or otherwise—the Court should grant summary judgment and dismiss all of Plaintiff's claims against Crane Co.

---

[1] *See, e.g., Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012); *O'Neil v. Crane Co.*, 266 P.3d 987 (Cal. 2012); *Surre v. Foster Wheeler LLC*, 831 F. Supp. 2d 797, 801 (S.D.N.Y. 2011); *Faddish v. Buffalo Pumps*, Case No. 08-80724-civ, 2012 WL 3140200 at * 10–11 (S.D. Fla. Aug. 2, 2012); *Simonetta v. Viad Corp.*, 197 P.3d 127, 138 (Wash. 2008) (en banc).

Dated: August 11, 2014

Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T:  412-355-6500
F:  412-355-6501

*Attorneys for Defendant Crane Co.*

## **Certificate of Service**

I hereby certify that a true copy of Defendant Crane Co.'s Motion for Summary Judgment and Crane Co.'s Memorandum of Law in Support of its Motion for Summary Judgment were electronically served on Plaintiff's counsel and all counsel of record on August 11, 2014 and are available for viewing and downloading from the Court's ECF system.


/s/ Michael J. Zukowski
*Attorney for Defendant Crane Co.*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Asbestos Products Liability Litigation (No. VI) | } | MDL Docket No. MDL 875 |
| | } | |
| _____ | } | |
| This document relates to: | } | |
| | } | |
| Gloria Arendt, Individually and as Administrator of the Estate of Anthony Arendt, Deceased, | } | E.D. Pa. No. 2:13-cv-60017-ER |
| | } | (Judge Eduardo C. Robreno) |
| Plaintiff, | } | Transferor District Court: |
| | } | Western District of Wisconsin |
| v. | } | Case No. 13-0727 |
| | } | |
| A.W. Chesterton Co., et al., | } | |
| | } | |
| Defendants. | } | |

## [PROPOSED] ORDER

And now, this __ day of _____, 20__, upon consideration of Defendant Crane Co.'s Renewed Motion for Summary Judgment, Brief in Support, and any response(s) filed, it is hereby ORDERED that Crane Co.'s Motion is Granted and all claims and cross-claims against Crane Co. are DISMISSED WITH PREJUDICE.

BY THE COURT:

_____

- 2 -