UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§ | MDL DOCKET NO. 875<br>Transfer State: Wisconsin |

| | | |
|---|---|---|
| This documents relates to: | §<br>§ | |
| GEORGIA ARENDT, individually and as<br>Special Administrator of the ESTATE OF<br>ANTHONY ARENDT, Deceased, | §<br>§<br>§<br>§ | CASE NO. 2:13-cv-60017-ER |
| Plaintiff, | §<br>§<br>§ | Transferred From:<br>U.S. District Court for the Eastern<br>District of Wisconsin, |
| v. | §<br>§ | Green Bay Division,<br>Case No. 1:13-cv-00727 |
| A.W. CHESTERTON COMPANY, et al., | §<br>§ | |
| Defendants. | §<br>§ | |

## DEFENDANT PNEUMO ABEX, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff's wrongful death claims, which include both her own entirely derivative claim based on her late husband's alleged exposure to asbestos-containing products leading to asbestosis, as well as his estate's claim, was filed more than three years after his diagnosis and is thus barred by Wisconsin's three year statute of limitations. Moreover, even if plaintiff's wrongful death case was timely, with discovery closed—and with plaintiff having failed to respond to *any* discovery requests (standard or case specific), and having designated no experts—there is no admissible evidence that plaintiff's decedent worked with or around any products (asbestos-containing or otherwise) made, supplied, sold or installed by Pneumo Abex. Failing to meet this threshold burden of product identification, plaintiff cannot establish that Pneumo Abex products were a substantial cause of plaintiff's decedent's injuries.

Pneumo Abex's Motion for Summary Judgment should be granted and plaintiff's claims and all cross-claims against Pneumo Abex should be dismissed with prejudice.

## STATEMENT OF FACTS

From 1952 to 1992, plaintiff's decedent, Anthony Arendt ("Arendt"), worked as a factory worker at Green Bay Paper.  *See* Compl. at ¶ 25.[1]  Arendt died of respiratory failure on February 13, 2013.  *See* Compl. at ¶ 28.

### A.    Arendt's 2009 Lawsuit.

Arendt filed a lawsuit in 2009 alleging asbestos injuries, but did not sue Pneumo Abex. *See Anthony Arendt v. A.W. Chesterton*, No. 09-91900 (the "2009 Lawsuit").[2]  On March 12, 2012, the MDL Court granted defendants' motion to dismiss the 2009 lawsuit for failure to show any asbestos-related impairment.  *See* 2009 Lawsuit, Dkt. 75.  Arendt appealed the dismissal of the 2009 Lawsuit and on June 24, 2013, the Third Circuit affirmed the dismissal of the 2009 Lawsuit.  *See* 2009 Lawsuit, Dkt. 80; *In re Asbestos Prods. Liab. Litig.* (No. VI), 718 F.3d 236, 245-46 (3d Cir. 2013).  Two days later, plaintiff filed this case.

### B.    Plaintiff's Asbestosis Diagnosis.

Examining all Arendt's allegations and testimony confirms that the present case should be dismissed because it is untimely and barred by the statute of limitations.  In 2009, Arendt alleged that he was "diagnosed as having asbestos disease on August 6, 2006."  *See* 2009

---

[1] In his 2009 Complaint, Arendt asserted he was a paper maker and worked at Green Bay Paper from 1953 to 1992. *See Anthony Arendt v. A.W. Chesterton Co.*, No. 1:09-cv-00757, Compl. ("2009 Compl."), Dkt. 1, ¶ 2 and Ex. B.  A work summary created by plaintiff's counsel and provided to Dr. Henry Anderson indicates Arendt worked at the paper mill from 1956-1992.  *See* Dkt. 26-2 at 3.

[2] In the 2009 Lawsuit, Arendt sued the following defendants: A.W. Chesterton, CBS Corporation, Garlock Sealing Technologies LLC, General Electric Company, Owens-Illinois Inc., Rapid American Corporation, Georgia Pacific LLC, Nosroc Corporation, Uniroyal Holdings, Inc., I.U. North America, Inc., Bayer Cropscience, Inc., Union Carbide Corp., Maremont Corporation, and D.O. Alvin Schonfeld.

Compl., Dkt. 1, at ¶ 10.  Plaintiff's complaint in this case is based on Arendt's diagnosis of

asbestosis.  *See* Compl. at ¶ 28.

Arendt testified regarding the timing of his asbestosis diagnosis during his deposition,

taken in the 2009 Lawsuit:[3]

> Q:   Have you ever been diagnosed with what's called asbestosis?
>
> A:   Yes.
>
> Q:   When were you diagnosed with asbestosis?
>
> A:   About five years ago.
>
> Q:   Five years ago from today, Mr. Arendt?
>
> A:   Or maybe six years ago, yes.  I sent a bunch of - - you might even have them - -from Dr. Potts.
>
> Q:   Was that the first doctor- -
>
> A:   Yes.
>
> Q:   - - that told you about asbestosis?
>
> A:   Yes.  I started coughing up blood.  I spit up blood every day, every day, tasted blood every day for about two years, and then I went to - - I went to Dr. Potts before then.
>
> But he sent me down to Madison, I talked to a doctor there, and he came back, and the doctor says, "You're not happy with him, are you?" "Nope".  "I'm sorry to say," he said, "that's where I got my degree, from Madison."
>
> He says, "You want to go to Mayo?"  "Yes, I want to go to Mayo."  So I went to mayo Clinic.  He said the same thing, I got asbestosis - - my wife can say the full name.

*See* Johanningmeier Decl. ¶ 3, **Ex. A-2**, March 9, 2012 Deposition Transcript of Anthony

Arendt, vol. II ("Arendt Depo. II") 296:14-297:12; *see also* Johanningmeier Decl. ¶ 3, **Ex. A-3**,

March 12, 2012 Deposition Transcript of Anthony Arendt, vol. III ("Arendt Depo. III") 460:11-

461:2 (confirmation that he was diagnosed with asbestosis).

---

[3] Arendt was deposed on March 2, 9 and 12, 2012 in the 2009 Lawsuit.  *See* Johanningmeier Decl. ¶ 3, **Exs. A-1 to A-3**.

In addition to Arendt's testimony, evidence from Arendt's numerous claims with bankruptcy trusts confirms his diagnosis of asbestosis was more than three years before this case was filed:[4]

| Bankruptcy Trust/Claim No. | Diagnosis | Date of Diagnosis |
|---|---|---|
| Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust/Claim No. 2418971 | Severe Asbestosis | 5/26/09 |
| Owens Corning/Fibreboard Asbestos Personal Injury Trust/Claim No. 11382626 | Severe Asbestosis | 5/26/09 |
| Owens Corning/Fibreboard Asbestos Personal Injury Trust/Claim No. 12387727 | Severe Asbestosis | 5/26/09 |
| USG Asbestos Personal Injury Settlement Trust/Claim No. 6377279 | Severe Asbestosis | 7/8/10[5] |
| Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust/Claim No. 10361647 | Severe Asbestosis | 5/26/09 |

*See* Johanningmeier Decl. ¶ 13, **Ex. K** at 4, 18, 32, 47, 58.  In addition, plaintiff retained a physician to provide a diagnosing report, Dr. Henry Anderson, whose letter report confirms that Arendt was diagnosed with asbestosis sometime after having several bronchoscopies in 2005 and 2006.  *See* Dkt. 26-2 at 1-2.

Finally, on August 31, 2013, defendant Owens-Illinois, Inc. ("Owens-Illinois") filed a motion to dismiss the 2013 Complaint asserting that plaintiff could not recover on her claims because the underlying injuries sustained by Arendt were part of the 2009 Lawsuit, which was dismissed with prejudice.  *See* Dkt. 1 at 4.  In response, plaintiff asserted that the medical

---

[4] By signing the claim form plaintiffs made the following attestation: "I have reviewed the information submitted on this claim form and all of the documents submitted in support of this claim.  To the best of my knowledge, under penalty of perjury, the information submitted is accurate and complete."  To the extent claim forms were signed by plaintiff's counsel, counsel attested: "Upon information and belief, I hereby certify, under penalty of perjury, that the information submitted is accurate and complete."

[5] This is the only date that plaintiff has presented that would fall within the statute of limitations period.  Regardless, this date is inconsistent with Arendt's sworn testimony and other documents provided in the course of discovery.

condition alleged in the 2009 Lawsuit ("asbestos disease") was different from the medical condition at issue in the 2013 Lawsuit ("asbestosis").  *See* Dkt. 26 at 1-2.  On March 11, 2014, the Court agreed and denied Owens-Illinois' motion to dismiss.  *See* Dkt. 66 at 1.  The motion and decision did not address whether plaintiff's claims were barred by the statute of limitations. Dkt. 66 at 2, n.1.

       **C.**     **Product Identification Testimony.**

      In this case, no depositions of fact witnesses or expert witnesses were noticed or taken before the discovery deadline.  Arendt was deposed as part of his 2009 lawsuit, but gave no testimony regarding any Pneumo Abex product.  Johanningmeier Decl. ¶ 3, **Exs. A-1, A-2 and A-3**.  Plaintiff has no co-worker testimony to support her claim that Arendt was exposed to Pneumo Abex products.  Based on plaintiff's initial disclosures, it appears plaintiff intends to rely on deposition testimony from job site witnesses obtained in depositions in other cases (none of which involved Arendt).  Johanningmeier Decl. ¶ 4, **Ex. B** at 15 (Exhibit B).

      As a threshold matter, as against Pneumo Abex, plaintiff may not rely on the deposition of Arendt from the 2009 Lawsuit, or the deposition testimony of two of the three job site witnesses, because Pneumo Abex was not present or represented at those depositions, and had no notice of them.  Fed. R. Civ. P. 32(a)(1)(A); Johanningmeier Decl. ¶¶ 3-6, **Exs. A-1 to D**. Regardless, neither Arendt nor any of the three job site witnesses testified regarding Pneumo Abex products.

      Ralph Comins, Jr. was an electrician who worked at the Proctor & Gamble site in Green Bay (the same paper mill where Arendt worked) from 1972 to 2002.  Johanningmeier Decl. ¶ 5, **Ex. C**, 8:5-20.  Comins never mentioned Arendt in his deposition, and he did not testify regarding Pneumo Abex products.

John Sadowsky was a pipefitter and worked at the same mill in Green Bay. Johanningmeier Decl. ¶ 6, **Ex. D**, 7:4-7, 110:20-24.  Sadowsky, now deceased, did not testify about Arendt or Pneumo Abex products.

Edmund Frederick was a journeyman electrician who worked at the Proctor & Gamble site.  Johanningmeier Decl. ¶ 7, **Ex. E**, 8:19-9:14, 10:13-15[6].  Like Comins and Sadowsky, Frederick did not testify about Arendt or Pneumo Abex products.

### D.  Discovery In This Case.

On December 13, 2013, plaintiff served her Initial Disclosures pursuant to Rule 26(a)(1) (the "Initial Disclosures").[7]  Plaintiff's Initial Disclosures identified Arendt, by then deceased, as the sole witness who would provide specific testimony regarding Arendt's job duties and alleged asbestos exposures through deposition transcripts from his 2009 lawsuit.  *See* Johanningmeier Decl. ¶ 4, **Ex. B** at 14 (Exhibit A).  No coworker witnesses were identified.  The Initial Disclosures also identified three individuals who could provide job site testimony through deposition transcripts—Edmund Frederick, Ralph Comins, Jr., and John Sadowsky.  *See* Johanningmeier Decl. ¶ 4, **Ex. B** at 15 (Exhibit B).  As discussed above, none of these witnesses testified about Arendt or Pneumo Abex.

Plaintiff's responses to standard interrogatories to Plaintiffs adopted by this Court were due on November 27, 2013.  *See* Scheduling Order, Dkt. 27 at 1.  Despite repeated requests by counsel for Pneumo Abex, plaintiff has never responded to the standard interrogatories.  *See* Johanningmeier Decl. ¶ 8, **Ex. F**.

---

[6] Mr. Frederick's deposition is the only deposition referenced by plaintiff at which Pneumo Abex was represented by counsel.

[7] Aside from Initial Disclosures, plaintiff provided Responses to Special Bankruptcy Trust Discovery on January 27, 2014 (the "Bankruptcy Responses").  The Bankruptcy Responses do not claim exposure to any Pneumo Abex products.  *See* Johanningmeier Decl. ¶ 11, **Ex. I**.

On March 14, 2014, Pneumo Abex served plaintiff with its First Interrogatories and Requests for Production of Documents (collectively, the "Case-Specific Discovery Requests"). *See* Johanningmeier Decl. ¶ 9, **Ex. G**.  Pursuant to Fed. R. Civ. P., Rules 33 and 34, responses were due within thirty (30) days, *i.e.*, by April 13, 2014.  Despite repeated requests by counsel for Pneumo Abex, plaintiff has refused to respond to the Case-Specific Discovery Requests. Johanningmeier Decl. ¶ 8, **Ex. F**.

On April 11, 2014—three days before the fact discovery deadline—Plaintiff served Rule 26(e) Supplemental Disclosures (the "Supplemental Disclosures").  *See* Johanningmeier Decl. ¶ 10 **Ex. H**.  The Supplemental Disclosures purport to identify exposure witnesses, including: Al Ostermann, Dave Dhuey, John Arendt and Delbert Charles.  *See id*. at 2 (Exhibit A-1).  The Supplemental Disclosures violated the Court's scheduling order, which required "[a]ll exposure witnesses [to] be disclosed no later than 30 days before the close of fact discovery."  *See* Scheduling Order, Dkt. 27 at 1.

Plaintiff's deadline to serve expert reports was May 14, 2014.  *See* Scheduling Order, Dkt. 27 at 3.  Plaintiff never served any expert reports.

## ARGUMENT

### I.   Summary Judgment Standard.

Summary judgment exists "to isolate and dispose of factually unsupported claims." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact."  *Am. Eagle Outfitters v. Lyle & Scott Ltd*., 584 F.3d 575, 581 (3d Cir. 2009) *quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

Wisconsin substantive law should apply to this case and the Court's analysis of this motion for summary judgment.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945).

II.     **Plaintiff's Complaint Should Be Dismissed Because the Claims Are Barred By the Statute of Limitations.**

Pursuant to Wis. Stat. § 893.54(1), "[a]n action to recover damages for injuries to the person" must be commenced within three years or be barred.  Wis. Stat. § 893.54 (2011-12).  The limitations period for a wrongful death claim is also three years.  Wis. Stat. § 893.54(2) (2011-12).

The statute of limitations begins to run when a cause of action accrues or "when there exists a claim capable of enforcement, a suitable party against whom it may be enforced, and a party with a present right to enforce it."  *Sopha v. Owens-Corning Fiberglas Corp*., 230 Wis. 2d 212, 223, 601 N.W.2d 627, 632 (1999) *citing to Pritzlaff v. Archdiocese of Milwaukee*, 194 Wis. 2d 302, 315, 533 N.W.2d 780, 785 (1995).  Generally speaking, a cause of action accrues when the injured plaintiff is diagnosed with the medical condition that becomes the basis for asserting damages.  *Sopha*, 230 Wis. 2d at 225, 601 N.W.2d at 633.

The Wisconsin Supreme Court has held "that if the decedent's action was barred by the applicable statute of limitations, the wrongful death action would also be barred."  *Miller v. Luther*, 170 Wis. 2d 429, 439, 489 N.W.2d 651, 654 (Ct. App. 1992), *citing to Holifield v. Setco Indus., Inc*., 42 Wis. 2d 750, 757, 168 N.W.2d 177, 181 (1969); *see also Ruppa v. Am. States Ins. Co*., 91 Wis. 2d 628, 646-47, 284 N.W.2d 318, 325 (1979).

According to Arendt, he was diagnosed with asbestosis five or six years before he was deposed in March 2012, *i.e.*, sometime in 2006-2007.  All but one of the claim forms submitted on Arendt or plaintiff's behalf to bankruptcy trusts state that Arendt was diagnosed with

asbestosis on May 26, 2009.  Notwithstanding plaintiff's apparent confusion over Arendt's asbestosis diagnosis date, by Arendt's and plaintiff's own admission, the date of diagnosis falls outside the applicable limitations period.

### III.   Plaintiff Has Failed to Adduce Evidence of Arendt's Exposure to Any Asbestos-Containing Product Attributed to Pneumo Abex.

Plaintiff's complaint alleges only that defendants were negligent.  Compl. ¶¶ 30-34.[8] Under Wisconsin law, plaintiff must demonstrate that Arendt worked with or around a particular defendant's product sufficiently to establish that the product was a substantial factor in causing his injury.  *See Merco Distrib. Corp. v. Commercial Police Alarm Co*., 84 Wis. 2d 455, 267 N.W.2d 652 (1978) (plaintiff must show a defendant's conduct was a substantial factor- that it had such an effect in producing the harm that the trier of fact would regard it a cause); *Solar v. Kawasaki Motor Corps*., *U.S.A.*, 221 F. Supp. 2d 967, 971 (E.D. Wis. 2002) (on summary judgment a plaintiff "must cite to evidence of causation – that the alleged defect played a substantial role in the harm").

Plaintiff must have proof that the alleged defect in the defendant's product was a cause of the plaintiff's injury or damages.  *Zielinski v. A.P. Green Indus., Inc.*, 2003 WI App 85, ¶ 8, 263 Wis. 2d 294, 661 N.W.2d 491.  In evaluating the causation element, a court must determine "whether the defendant's negligence was a substantial factor in contributing to the result." *Zielinski*, 2003 WI App 85, ¶ 16, 263 Wis. 2d 294, 661 N.W.2d 491 (citation and quotation omitted).  To be a "substantial factor" requires "that the defendant's conduct ha[ve] such an effect in producing the harm as to lead the trier of fact, as a reasonable person, to regard it as a cause, using that word in the popular sense."  *Id.* (citation and quotation omitted).  "A mere

---

[8] Plaintiff's complaint includes two additional "counts"; one for punitive damages, which is not a claim, but a remedy; and another for a declaratory judgment regarding the constitutionality of certain statutes.  Compl. ¶¶ 35-38. Neither of these counts stands alone as a claim if plaintiff's negligence claim is dismissed.

possibility of . . . causation is not enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Id.* (citation and quotation omitted); *see also Singer v. Pneumo Abex, LLC*, No. 2010AP2614, ¶ 18 (Wis. Ct. App. Jan. 18, 2012) (unpublished) (holding that an asbestos defendant was entitled to summary judgment where the court "would have to pile inference upon inference in order to conclude" that the plaintiff was exposed to asbestos from defendant's products).  *See* Johanningmeier Decl. ¶ 12, **Ex. J**.

Here, the evidence fails to create a genuine issue of material fact on the issue of causation.  Plaintiff has refused to respond to any discovery requests related to his alleged exposure to asbestos-containing Pneumo Abex products.  Thus, plaintiff cannot offer any evidence (and has no evidence) that Arendt worked with or around a single Pneumo Abex product, asbestos-containing or otherwise.  Arendt himself did not testify that he was exposed to Pneumo Abex products; plaintiff's Rule 26 disclosures do not identify or include any admissible evidence regarding Arendt's alleged exposure to Pneumo Abex products; and none of the deposition transcripts of job site witnesses intended to be used by plaintiff as evidence identify Pneumo Abex or Arendt.  Plaintiff cannot demonstrate that Arendt was exposed to asbestos released from a Pneumo Abex product.  Accordingly, the Court should grant summary judgment in favor of Pneumo Abex.

## CONCLUSION

Plaintiff's wrongful death action is barred by the statute of limitations and must be dismissed.  In addition, plaintiff has no admissible evidence establishing that Arendt worked with or near a Pneumo Abex product that may have released asbestos to which he was exposed.  Accordingly, Pneumo Abex respectfully requests that this Court grant its motion for summary judgment and dismiss plaintiff's claims in their entirety, as well as any cross-claims.

Dated: August 11, 2014.

Respectfully submitted,

*s/ Josh Johanningmeier*

Josh Johanningmeier
Sherry D. Coley
Erin M. Cook
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Post Office Box 2719
Madison, WI  53701-2719
Telephone: 608-257-3911
Facsimile:  608-257-0609
jjohanningmeier@gklaw.com
scoley@gklaw.com
mcook@gklaw.com

Attorneys for Defendant, Pneumo Abex, LLC, as
successor in interest to Abex Corporation

11777514