# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : : : | CIVIL ACTION NO. MDL 875 |
| This Document Relates to: | : | |
| GEORGIA ARENDT, Individually and as Special Administrator of the Estate of ANTHONY ARENDT, Deceased | : : : : | |
| Plaintiff, | : : | Transferee E.D. Pa.<br>   Case No. 13-CV-60017 |
| v. | : : | Transferor E.D. Wis.<br>   Case No. 13-cv-727 |
| A.W. CHESTERTON COMPANY, *et al.*, | : : | |
| Defendants. | : | |

## OWENS-ILLINOIS, INC.'S
## MOTION FOR SUMMARY JUDGMENT

 

Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Owens-Illinois, Inc.*

# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. LEGAL STANDARD ............................................................................................ 2

    A. The Summary Judgment Standard ............................................................. 2

    B. The Applicable Law of Wisconsin ............................................................. 3

III. ARGUMENT ......................................................................................................... 3

    A. Plaintiff's Claims Are Time-Barred. .......................................................... 3

    B. No Expert Has an Admissible Causation Opinion as Against Owens-Illinois. ............................................................................................. 8

IV. CONCLUSION .................................................................................................... 10

I.  INTRODUCTION

In 2009, Anthony Arendt ("Arendt") filed a complaint based on pleural thickening "asbestos disease" (the "2009 case"), allegedly caused by exposure to asbestos-containing products during his work at a paper mill in Wisconsin.[1] Arendt specifically asserted state law claims of negligence and products liability against Owens-Illinois, Inc. ("Owens-Illinois"). The Judicial Panel on Multidistrict Litigation transferred the 2009 case as part of MDL 875 to this Court. In 2012, this Court dismissed the 2009 case with prejudice for failure to comply with AO12.[2] Arendt appealed the dismissal, and the Third Circuit affirmed.[3]

Georgia Arendt, individually and as special administrator of the estate ("Plaintiff"), then filed this wrongful death action on June 26, 2013 (the "2013 case"), alleging that Arendt died from "asbestosis" caused by the same exposure to asbestos-containing products.[4] In this 2013 case, Plaintiff claims that Arendt was exposed to asbestos-containing products manufactured or sold by Owens-Illinois and asserts state law claims of negligence and products liability.

Owens-Illinois is entitled to summary judgment because there is no genuine dispute of material fact on two issues of Wisconsin law. First, Plaintiff's claims are time-barred by the Wisconsin three-year statute of limitations. Second, no expert

---

[1] Ex. A, Pl.'s 2009 Compl., ¶¶7-10

[2] Ex. B, Order Granting Mot. Dismiss, Mar. 12, 2012 at ¶6.

[3] Ex. C, *In re Asbestos Products Liab. Litig.* (No. VI), 718 F.3d 236, 245-46 (3d Cir. 2013).

[4] Ex. D, Pl.'s Compl. ¶¶ 25-28.

has offered an admissible opinion that exposure to asbestos from an Owens-Illinois product was a substantial factor in causing Arendt's asbestosis and death. For these reasons, Owens-Illinois requests summary judgment and its costs, expenses, and attorneys' fees incurred in this case.

## II. LEGAL STANDARD

### A. The Summary Judgment Standard

Summary judgment is appropriate if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A motion for summary judgment will not be defeated by "the mere existence" of some disputed facts, but will be denied when there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

Summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party bears the initial burden to show the absence of any genuine disputes of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. "Where there is no genuine issue of material fact, the sole question is whether the moving party is entitled to judgment as a matter of law." *Bombard v. Fort Wayne*

*Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Id.*

### B. The Applicable Law of Wisconsin

Federal jurisdiction of this case is based on diversity of citizenship under 28 U.S.C. § 1332, and this action was filed in the Eastern District of Wisconsin. To decide what substantive law governs, a federal transferee court in diversity jurisdiction applies the choice-of-law rules of the state in which the action was filed. *See Van Dusen v. Barrack*, 376 U.S. 612, 637-40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)). Plaintiff has alleged exposure to asbestos-containing products only in Wisconsin, so Wisconsin substantive law governs her claims against Owens-Illinois. Accordingly, this Court should apply Wisconsin substantive law.

## III. ARGUMENT

### A. Plaintiff's Claims Are Time-Barred.

First, Owens-Illinois is entitled to summary judgment because Plaintiff's claims are time-barred. In Wisconsin, the "following actions shall be commenced within 3 years or be barred: (1) An action to recover damages for injuries to the person." Wis. Stat. § 893.54. "The purpose of statutes of limitations is to ensure prompt litigation of claims and to protect the defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost." *Korkow v. Gen. Casualty Co.*, 117 Wis. 2d 187, 198-99 (Wis. 1984) (citation omitted).

Moreover, "[i]n Wisconsin the expiration of the statute of limitations does more than merely close the door of the courthouse. The expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be defendant to insist on that statutory bar." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (marks and citation omitted). Owens-Illinois has acquired that statutory right.

Plaintiff's claims were time-barred by March 2009, which was three years after Arendt admits he was diagnosed with asbestosis, and over four years before Plaintiff filed this lawsuit. In his deposition on March 9, 2012, Mr. Arendt testified that he was diagnosed with asbestosis six years before the day of the deposition:

> Q. **When were you diagnosed with asbestosis?**
> A. About five years ago.
> Q. **Five years ago from today, Mr. Arendt?**
> A. Or maybe six years ago, yes. I sent a bunch of -- you might even have them -- from Dr. Potts.
> Q. **Was that the first doctor --**
> A. Yes.
> Q. **-- that told you about asbestosis?**
> A. Yes.[5]

Based on Arendt's own sworn testimony, Plaintiff failed to commence this action within three years of the alleged injury. Thus, the Wisconsin three-year statute of limitations bars her claims.[6] Wis. Stat. § 893.54.

---

[5] Ex. E, Dep. Anthony Arendt 296:17-25, Mar. 9, 2012.

[6] The 2009 case did not toll the statute of limitations. Under Wisconsin law, filing a cause of action tolls the statute of limitations that applies to that cause of action. Wis. Stat. § 893.13(2) (West). However, this Court ruled that the 2009 case, based on plural thickening "asbestos disease," is a different claim from Plaintiff's lawsuit based on asbestosis. Order on O-I's Mot. Dismiss, March 11, 2014, at p. 4,

- 4 -

Nor is there any evidence to suggest the discovery rule could apply. Wisconsin's statute of limitations begins to run when a plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, not only the fact of the injury but that also that the injury was probably caused by the defendant's conduct or product." *Meracle v. Children's Serv. Soc'y of Wis.*, 437 N.W.2d 532, 534 (Wis. 1989) (quoting *Borello v. U.S. Oil Co.*, 388 N.W.2d 140, 146 (Wis. 1986)). "Whether the plaintiff exercised reasonable diligence is an objective test; the question is not when the plaintiff actually knew that he had a claim against the defendant but rather when he should have known that he had a claim." *Howard v. Philip Morris USA, Inc.*, 98 Fed. App'x 535, 538 (7th Cir. 2004) (applying Wisconsin law).

Plaintiff need not become convinced that a specific product caused the injuries. *Doe v. Archdiocese of Milwaukee*, 565 N.W.2d 94, 105 (Wis. 1997) (a plaintiff need not be "officially informed by an expert witness of his or her injury, its cause or the relation between the injury and its cause" before his claim accrues) (citing *Clark v. Erdmann*, 161 Wis. 2d 428, 448 (Wis. 1991)); *Keith-Popp v. Eli Lilly & Co.*, 639 F. Supp. 1479, 1482 (W.D. Wis. 1986). Rather, the Plaintiff's claims accrued and the statute of limitations began to run when she had "information providing the basis for an objective belief as to his or her injury and its cause." *Doe*, 565 N.W.2d at 105; *Howard*, 98 Fed. App'x at 538.

---

ECF No. 66. Because the Plaintiff's lawsuit and the 2009 case are two separate causes of action, Section 893.13(2) does not toll the statute of limitations. Moreover, even if it did toll the statute of limitations, Plaintiff's lawsuit is still barred because the 2009 case was filed in August of 2009, more than three years after the decedent admitted he was diagnosed with asbestosis. *See* Ex E, 296:17-25.

Here, the record shows that Arendt, and thus the Plaintiff, had actual knowledge that asbestos was the cause of the alleged injury.  First, Arendt was diagnosed with "asbestosis," leaving little doubt as to the cause of Arendt's alleged condition.  Further, Arendt himself admitted that each of his physicians discussed his work history and asbestos exposure:

> **Q.   Did you ever tell a physician about your asbestos exposure?**
> A.    Yes.
> **Q.   Do you recall which physician you discussed that with?**
> A.    Probably all of 'em.[7]

This testimony shows that from the date of his diagnosis, Arendt was aware of the basis and cause of his injury, and thus is claim accrued.

But even if Plaintiff did not have actual knowledge—which the evidence does not show—Plaintiff's claims are still time-barred because, through the exercise of reasonable diligence, Plaintiff should have found publicly available information about an alleged connection.  It is difficult to escape the information, as Congress has found, "screenings were often advertised in break rooms, in local papers, and on local broadcast stations," and the "asbestos plaintiffs' bar spends billions of dollars on mass media advertisements designed to recruit potential asbestos tort plaintiffs and trust claimants."  H.R. Rep. No. 112-687, 112th Cong. 2d Session (2012), reprinted in 2012 WL 4320666, at *7.  Plaintiff's own attorneys go *out* to screen individuals and file lawsuits on behalf of uninjured workers as well.  *In re Asbestos*

---

[7] Ex. E, at 300:9-17.

*Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 129 (E.D. Pa. 2011) (dismissing dozens of CVLO cases).

Further, as emphasized by the Wisconsin Supreme Court, "Plaintiffs have a duty to inquire into the injury that results from tortious activity." *Doe*, 565 N.W.2d at 105. To satisfy their duty, plaintiffs must exert the level of diligence to discover the elements of their cause of action "as the great majority of persons would use in the same or similar circumstances." *Id.* Plaintiffs "may not ignore means of information reasonably available to them, but must in good faith apply their attention to those particulars which may be inferred to be within their reach." *Id.* (citing *Spitler v. Dean*, 436 N.W.2d 309 (Wis. 1989)); *Thurin v. A.O. Smith Harvestore Prods., Inc.*, No. 95-2415, 1998 Wisc. App. LEXIS 819, at *4 (Wis. Ct. App. July 9, 1998) (affirming dismissal on statute of limitations grounds when plaintiffs "knew or should have known from 'day one'" of their cause of action); *Stroh Die Casting Co. v. Monsanto Co.*, 177 Wis. 2d 91, 114, 502 N.W.2d 132, 141 (Wis. Ct. App. 1993) ("Claimed ignorance . . . cannot be construed as being 'reasonably diligent' in discovering an injury.").

For these reasons, the undisputed evidence shows that Plaintiff's claims were time-barred by March 2009, which was three years after Arendt was diagnosed with asbestosis, and over four years before Plaintiff filed suit on June 26, 2013.[8] Owens-Illinois is therefore entitled to judgment as a matter of law.

---

[8] Ex. D, Pl.'s Compl.; Ex. E, 296:17-25.

### B. No Expert Has an Admissible Causation Opinion as Against Owens-Illinois.

Although this Court has previously ruled that *Daubert* issues are more properly addressed by the trial court, *e.g.*, *Bouchard v. CBS Corp.*, No. 11-66270, 2012 WL 5462612 (E.D. Pa. Oct. 2, 2012), Owens-Illinois is entitled to summary judgment because none of Plaintiff's experts has an admissible opinion that exposure to asbestos from a Owens-Illinois product was a substantial factor in causing his asbestosis and death.

Plaintiff's expert reports, in and of themselves, "must be sufficiently complete to satisfy the criteria of the *Daubert* decision, and one of those criteria, as we have been at pains to emphasize, is that the expert show how his conclusion is grounded in—follows from—an expert study of the problem." *Smith v. Sofamor, S.N.C.*, 21 F. Supp. 2d 918, 922 (W.D. Wis. 1998) (citation omitted) (entering summary judgment for lack of specific causation under Wisconsin law). To establish causation, plaintiffs must prove that the product was cause in fact of their injuries, and "'the lack of expert testimony on the question of causation results in an insufficiency of proof where the issue involves technical, scientific or medical matters which are beyond the common knowledge or experience of jurors and the jury could only speculate as to what inference to draw.'" *Id.* at 921 (quoting *Ollman v. Wisconsin Health Care Liab. Ins. Plan*, 178 Wis. 2d 648, 667 (Wis. Ct. App. 1993)); *Cali v. Danek Med. Inc.*, 24 F. Supp. 2d 941, 950 (W.D. Wis. 1998) (same); *Solar v. Kawasaki Motor Corps, USA*, 221 F. Supp. 2d 967, 971 (E.D. Wis. 2002) (same).

Here, without any expert testimony drawing the specific causation between Arendt's exposure to asbestos from an Owens-Illinois product and his alleged asbestosis and death, Plaintiff's claims must fail as a matter of law. *See id.*; *see also Kujawski v. Arbor View Health Care Ctr.*, 407 N.W.2d 249, 252-53 (Wis. 1987) (expert testimony required if "the trier of fact is faced with matters requiring special knowledge or skill or experience on subjects which are not within the realm of the ordinary experience of mankind").

Moreover, the Plaintiff's expert opinions are inadmissible under *Daubert* and Federal Rules of Evidence 702 and 703. Any case-specific exposure opinion here would be based on speculation and assumptions about Arendt's exposures to asbestos from a Owens-Illinois product. Opinions not based on any facts or data are unreliable from their very start and must be excluded. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3rd Cir. 2002) ("It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record."); *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996) ("[i]f an expert opinion is based on speculation or conjecture, it may be stricken"); *JMJ Enters., Inc. v. Via Veneto Italian Ice, Inc.*, No. Civ. A. 97-CV-0652, 1998 WL 175888, at *6 (E.D. Pa. April 15, 1998) ("An expert's testimony must have some connection to existing facts"); *see also In re TMI Litig.*, 193 F.3d 613, 698 (3d Cir. 1999). Owens-Illinois is therefore entitled to summary judgment because none of Plaintiff's experts has an admissible opinion that exposure to

asbestos from a Owens-Illinois product was a substantial factor in causing his asbestosis and death.

## IV. CONCLUSION

Owens-Illinois, Inc. respectfully requests this Court enter an order granting summary judgment in its favor and against Georgia Arendt, individually and as specially administrator of the estate of Anthony Arendt, granting it fees and costs, and awarding such further relief as this Court deems just and proper.

Dated:  August 11, 2014                                     Respectfully submitted,

By: /s/ Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 11, 2014, the foregoing was filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1253
CH2\15162445.2