UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO VI) | MDL DOCKET NO. MDL 875 |

THIS DOCUMENT RELATES TO:

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Georgia Arendt, individually and as Special Administrator of the Estate of Anthony Arendt, Deceased<br><br>                              Plaintiff,<br><br>v.<br><br>A.W. Chesterton Company, et al.<br><br>                              Defendants. | E.D. Pa. No. 13-CV-60017<br><br>Transferred District:<br>Eastern District of Wisconsin<br>Milwaukee Division<br>Case No. 1:13-CV-727 |

**ALBANY INTERNATIONAL CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56**

Defendant, Albany International Corp., improperly named as Albany Felt Company, Inc. (hereafter referred to as "Albany"), by its attorneys, Crivello Carlson, S.C., respectfully submits the following Brief in support of its motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

**INTRODUCTION**

Georgia Arendt, individually and as Special Administrator of the Estate of Anthony Arendt, Deceased, filed this Complaint in the Eastern District of Wisconsin, Milwaukee Division, on June 26, 2013 against Albany and 15 other defendants.  The case was then transferred to the Multidistrict Litigation docket on August 27, 2013.

1

Decedent Anthony Arendt was employed as a factory worker at Green Bay Paper from 1953 to 1992. Plaintiff alleges that during that time Mr. Arendt was exposed to asbestos products and inhaled asbestos dust and fibers. In the Complaint, Plaintiff alleges that Mr. Arendt was diagnosed with asbestosis. Mr. Arendt died of respiratory failure on February 13, 2013. The Plaintiff alleges pain, suffering, and disability as a result of direct and proximate result of exposure to asbestos products and alleges causes of action for strict liability, negligence, loss of consortium and civil conspiracy.

The Plaintiff cannot substantiate these claims and Albany is entitled to summary judgment. The Plaintiff cannot and has not adduced sufficient evidence to satisfy her burden of proof in order to show there is a question of material fact for the jury. Plaintiff has not produced any evidence showing Decedent worked with or around any worksite or product, asbestos-containing or otherwise, that is the legal responsibility of Albany. Prior to the close of discovery, no testimony or other evidence was provided to support Plaintiff's allegation that Decedent worked with or around any product that is the legal responsibility of Albany. The lack of any identification alone is sufficient to find for Albany on its request for summary judgment.

Because the Plaintiff has not met her burden of proof regarding causation, Albany is entitled to judgment as a matter of law.

## STATEMENT OF RELEVANT FACTS

Plaintiff Georgia Arendt filed the above-captioned lawsuit alleging Anthony Arendt developed asbestosis and died of respiratory failure on February 13, 2013 as a consequence of occupational exposure to asbestos. According to the Scheduling Order entered on October 28, 2013, discovery in this matter was to close on April 14, 2014. Discovery has closed, no fact witnesses have been identified by Plaintiff or deposed to support the argument of causation, and no other evidence has

2

been provided to show the Decedent worked with or around any worksite, product, or asbestos attributable to Albany Corporation.

### ARGUMENT

Albany International Corp. seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56(c), which provides that summary judgment should be granted if the evidence offered demonstrates "there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is not a disfavored remedy, but rather, "an integral part of the federal rules as a whole which are designed to secure the just, the speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The initial burden is on the moving party to demonstrate, with or without supporting affidavits, the absence of a genuine issue of material fact and that judgment as a matter of law should be granted to the movant. *Id.* at 322. To defeat summary judgment, non-moving parties must produce specific material facts in support of their claims sufficient to sustain their burden at trial. *Id.* The non-moving party must go beyond the pleadings to set forth "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The plaintiff cannot rest on the pleadings, but must demonstrate the existence of sufficient evidence that if believed by a jury, would support a verdict in his or her favor. *Jelinak v. Greer*, 90 F.3d 242, 243-44 (7th Cir. 1996). Absent a showing that a defendant may be liable, the defendant should not be required to undergo the considerable expense of preparing for and participating in trial. *Anderson*, 477 U.S. at 256-57. Similarly, in Wisconsin, the plaintiff bears the burden of proving the existence of elements essential to the case. *Transportation Ins. Co., Inc. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 290-92, 507 N.W.2d 536, 138-40 (Wis. Ct. App. 1993) (stating that the ultimate burden of demonstrating there is sufficient evidence to go to trial

is on the party that has the burden of proof on the issue that is the object of the motion). Quoting Prosser on Torts, the Wisconsin Supreme Court has stated that a mere possibility of causation is not enough and where the matter rests on "speculation or conjecture" it is the court's duty to direct the verdict for the defendant. *Merco Distributing Corp. v. Commercial Police Alarm Co.*, 84 Wis. 2d 455, 460, 267 N.W.2d 652, 655 (Wis. 1978).

Summary judgment must be entered for Albany because at no point has admissible evidence been offered to satisfy the required elements of the claim asserted against it. Discovery has closed and the parties are not in receipt of any admissible evidence establishing that Mr. Arendt worked with or around anything attributable to Albany or any subsidiary of Albany, whether or not it was a product or site that contained asbestos.

The Plaintiff has advanced no evidence in her cause of action against Albany, and Albany is therefore entitled to a judgment as a matter of law.

## **CONCLUSION**

Based upon the foregoing arguments and authorities, it is respectfully requested that this Court grant Albany International Corp.'s Motion for Summary Judgment dismissing, with prejudice, the Plaintiff's Complaint against Albany International Corporation upon its merits, as well as all cross-claims, together with the costs and disbursements of this action.

Dated this  11th  day of August, 2014.

        CRIVELLO CARLSON, S.C.
        Attorneys for Defendant
        Albany International Corp., improperly named as Albany Felt Company, Inc.

        By:    /s/    ERIC D. CARLSON
                DONALD H. CARLSON
                Wisconsin State Bar No. 1011273
                ERIC D. CARLSON
                Wisconsin State Bar No. 1026562

POST OFFICE ADDRESS:
710 North Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Telephone: (414) 271-7722
Email: ecarlson@crivellocarlson.com

5