

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGIA ARENDT,                 :     CONSOLIDATED UNDER
                                :     MDL 875
        Plaintiff,              :
                                :
                                :     Transferred from the
v.                              :     Eastern District
                                :     of Wisconsin
                                :     (13-00727)
A.W. CHESTERTON COMPANY,        :
ET AL.,                         :
                                :     E.D. PA CIVIL ACTION NO.
        Defendants.             :     2:13-CV-60017-ER

FILED
FEB 11 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

O R D E R

AND NOW, this **10th** day of **February, 2015**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant Owens-

Illinois, Inc. (Doc. No. 94) is **DENIED.**[1]

_____

ENTERED
FEB 11 2015
CLERK OF COURT

[1] This case was transferred in August of 2013 from the
United States District Court for the Eastern District of
Wisconsin to the United States District Court for the Eastern
District of Pennsylvania as part of MDL-875.

        Plaintiff Georgia Arendt ("Plaintiff") has brought this
wrongful death action seeking compensation (including for loss of
consortium) after the death of Anthony Arendt ("Decedent" or "Mr.
Arendt"). (See Complaint, Doc. No. 26-6.) Decedent worked as a
factory worker at Green Bay Paper in Wisconsin from 1953 to 1993.
Defendant Owens-Illinois, Inc. ("Owens Illinois") manufactured
products that were present at Green Bay Paper during Decedent's
work there. Plaintiff has alleged that Decedent was exposed to
asbestos from Defendant's product(s). Decedent was diagnosed with
asbestos disease in August of 2006. He passed away in February of
2013.

        Prior to his death, Decedent had filed a separate
action, which was removed to MDL-875 (E.D. Pa. Civil Action No.
2:09-cv-91900). The Complaint in Decedent's prior action is dated
August 4, 2009, and states that, on August 6, 2006, Decedent was
diagnosed with "asbestos disease." (See Doc. No. 29-2 at ¶ 10.)

In connection with that action, Decedent's counsel served verified interrogatory responses dated November 23, 2011, which identified asbestosis as one of Decedent's asbestos-related diagnoses. (See Doc. No. 29-3 at 2, Response to Interrog. No. 3.) By Order dated March 12, 2012, Decedent's action was dismissed (pursuant to Administrative Order 12 ("AO-12")) for failure to provide evidence of physical impairment. (See Doc. No. 26-5 at 3-4, Ex. D (dismissing pursuant to terms set forth in the Court's Order dated November 11, 2011), and Doc. No. 26-4 (Order dated November 11, 2011).) After dismissal of that action, on February 13, 2013, Decedent passed away. Thereafter, with Complaint dated June 26, 2013, Plaintiff filed the present wrongful death action. (See Doc. No. 29-1.) Plaintiff's Complaint identifies Decedent's illness as "asbestosis." (See Doc. No. 29-1 at ¶ 8.)

Defendant Owens Illinois has moved for summary judgment, arguing that it is entitled to summary judgment because (1) Plaintiff's claims are barred by Wisconsin's three-year statute of limitations, and (2) Plaintiff has no admissible expert evidence linking Decedent's illness with Defendant's product (i.e., expert evidence regarding specific causation).

The parties agree that Wisconsin law applies.

I.   Legal Standard

    A.   Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party.  "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of

2

N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance
Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While
the moving party bears the initial burden of showing the absence
of a genuine issue of material fact, meeting this obligation
shifts the burden to the non-moving party who must "set forth
specific facts showing that there is a genuine issue for trial."
Anderson, 477 U.S. at 250.

    B.    The Applicable Law

        1.    Procedural Matters (Federal Law)

        In multidistrict litigation, "on matters of procedure,
the transferee court must apply federal law as interpreted by the
court of the district where the transferee court sits." Various
Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F.
Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.). Therefore, in
addressing the procedural matters herein, the Court will apply
federal law as interpreted by the Third Circuit Court of Appeals.
Id.

        2.    Substantive Matters (State Law)

        The parties have agreed that Wisconsin substantive law
applies. Therefore, this Court will apply Wisconsin substantive
law in deciding Defendant's Motion for Summary Judgment. See Erie
R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust
Co. v. York, 326 U.S. 99, 108 (1945).

    C.    Wisconsin Statute of Limitations

        The parties agree that the statute of limitations
applicable to Plaintiff's claims is three (3) years, and that
this required Plaintiff to exercise reasonable diligence in
discovering claims against Defendant. See Wisconsin Statute §
893.54.

II.  Defendant Owens Illinois's Motion for Summary Judgment

    A.    Defendant's Arguments

Statute of Limitations

        Owens Illinois argues that it is entitled to summary
judgment pursuant to Wisconsin's three-year statute of

limitations because Decedent's asbestosis was diagnosed in March of 2006, such that any claims arising from that disease had to be filed by March of 2009. In support of this assertion, Defendant cites deposition testimony given by Decedent in March of 2012, which it contends indicate Decedent had actual knowledge of his asbestosis diagnosis (and also that, even if he did not, he would have, had he exercised reasonable diligence). Specifically, Defendant cites the following deposition testimony from Decedent:

> Q: When were you diagnosed with asbestosis?
> A: About five years ago.
> Q: Five years ago from today, Mr. Arendt?
> A: Or maybe six years ago, yes. I sent a bunch of – you even have them – from Dr. Potts.
> Q: Was that the first doctor –
> A: Yes.
> Q: – that told you about asbestosis?
> A: Yes.
>
> .        .        .        .        .
>
> Q: Did you ever tell a physician about your asbestos exposure?
> A: Yes.
> Q: Do you recall which physician you discussed that with?
> A: Probably all of 'em.

(Def. Ex. E, Dep. Anthony Arendt 296:17-25, 300:9-17, Mar. 9, 2012, Doc. No. 94-5.)

With its reply brief, Defendant attaches Plaintiff's asbestos bankruptcy trust submissions, which indicate a diagnosis date of "5/26/09" for Decedent's asbestosis. (Doc. No. 102-1 at 5, 17, 30, and 42.)

Expert Evidence re: Causation

Defendant also contends that it is entitled to summary judgment because Plaintiff does not have admissible expert evidence regarding specific causation. Specifically, it asserts that Plaintiff cannot prevail at trial without expert medical testimony that draws a causal connection between Decedent's illness and his alleged asbestos exposure to Defendant's product. In support of this argument, Defendant relies upon, inter alia, Kujawski v. Arbor View Health Care Ctr., 407 N.W.2d 249, 252-53 (Wis. 1987).

4

---

### B.  Plaintiff's Arguments

<u>Statute of Limitations</u>

Plaintiff does not dispute that Wisconsin's statute of limitations required that Plaintiff file suit within three years of the date on which she learned, or by reasonable diligence should have learned, that Decedent had asbestosis that was caused by exposure to asbestos in connection with Defendant's product(s). Instead, Plaintiff contends Defendant has the burden at summary judgment of establishing that Decedent knew, or by reasonable diligence should have known, that he had asbestosis that was caused by exposure to asbestos. Plaintiff contends that Decedent's deposition testimony in March of 2012 that he believed he had been diagnosed with asbestosis five or six years earlier is not dispositive of the issue. Specifically, Defendant contends that Decedent was not a medical expert, and that Decedent's medical records (combined with his testimony) indicate that Defendant has not (and cannot) establish that Plaintiff's claims are time-barred.

In support of this, Plaintiff cites to medical records from Dr. Potts (the physician identified by Decedent in his deposition testimony), which she contends show that he was not diagnosed with asbestosis until some time after November 25, 2009. In particular, the notes of Dr. Potts after Decedent's November 27, 2006 visit state that "[t]he patient does not have asbestos-related pulmonary fibrosis (asbestosis)," and the notes of Dr. Potts after Decedent's November 25, 2009 visit indicate that "[t]here is no evidence for asbestosis (pulmonary fibrosis related to asbestos exposure." (Pl. Ex. 8, Doc. No. 101-12.)

Moreover, Plaintiff contends that there is a "disconnect" between Defendant's argument that the claim is time-barred due to Plaintiff's alleged diagnosis in 2006 and the Court's dismissal of Decedent's action in March of 2012 for failure to provide evidence of impairment at that time.

<u>Expert Evidence re: Causation</u>

Plaintiff contends that the expert evidence of Dr. Anderson opines that Decedent's illness was caused by his asbestos exposure at the paper mill. Plaintiff asserts that this exposure includes exposure to asbestos from Defendant's product and that this is sufficient to establish causation.

### C.  Analysis

<u>Statute of Limitations</u>

The parties agree that Wisconsin law imposes a three-year statute of limitation on Plaintiff's claims. The parties also agree that Plaintiff's claims are barred if she (and/or Decedent) failed to exercise reasonable diligence in discovering that Decedent had asbestosis that was caused by exposure to asbestos in connection with Defendant's product(s). At the summary judgment stage, Defendant bears the burden of establishing that Plaintiff's claims are barred. Therefore, the Court must consider whether the evidence presented by Defendant establishes that Decedent (and/or Plaintiff) (1) knew of Decedent's asbestosis diagnosis prior to June 26, 2010 (i.e., three years prior to the filing date of the Complaint) and/or (2) failed to exercise reasonable diligence in discovering this illness and its cause (i.e., that Plaintiff and/or Decedent should have discovered by June 26, 2010 that Decedent had asbestosis that was caused by asbestos).

Defendant relies primarily on deposition testimony from Decedent that was taken on March 9, 2012. In that deposition, Decedent was asked when he was diagnosed with asbestosis. His response was that he believed it was five or six years earlier, and that the confirmation of his diagnosis information was in his records from Dr. Potts. A review of the notes from Dr. Potts, however, reveals that Decedent had been inquiring about possible asbestos related illnesses (such as mesothelioma or asbestosis) – and was specifically doing so for purposes of filing a legal action – but that, as of November 27, 2006 and November 25, 2009, there was no evidence that he had asbestosis. (<u>See</u> Doc. No. 101-12 at 10 and 13.) The notes indicate that, by November 25, 2009 he may have had asbestos-related pleural effusions, but that there was no evidence of either asbestosis or mesothelioma at that time. (Doc. No. 101-12 at 10.) Given that Decedent notes in his deposition testimony that the confirmation of details surrounding his diagnosis information is contained within the notes of Dr. Potts, and Dr. Potts indicates there is no asbestosis (though perhaps there are other asbestos-related ailments) as of November 25, 2009, the Court cannot conclude based upon Decedent's deposition testimony that he knew of his asbestosis five or six years before that deposition (i.e., in approximately March of 2006 or 2007). Moreover, the Court notes that the medical records make clear that, in November of 2006 and

6

November of 2009, Decedent was exercising reasonable diligence in seeking diagnoses and documentation regarding potential asbestos-related illnesses – specifically for purposes of pursuing an asbestos action (the outcome of which Decedent unfortunately did not live to see).

Defendant also points to Plaintiff's asbestos bankruptcy trust submissions, which indicate a diagnosis date of "5/26/09" for Decedent's asbestosis. (Doc. No. 102-1 at 5, 17, 30, and 42.) The submissions, however, do not contain any signatures – by Plaintiff, Decedent, or Plaintiff's counsel. Moreover, the diagnosis date indicated therein appears to be contradicted by the medical records of Dr. Potts pertaining to Decedent – as Dr. Potts indicates that, as of November 25, 2009 there was no evidence that Decedent had asbestosis. In any event, it is not clear to the Court whether the date on the bankruptcy submissions could have been an estimate – or perhaps an error – and there are no medical records submitted with the bankruptcy filing to confirm a diagnosis date of "5/26/09." As such, there is a genuine dispute of material fact as to when Decedent (and Plaintiff) learned of Decedent's asbestosis.

Under Wisconsin law, the statute of limitations is an affirmative defense, on which the Defendant bears the burden of proof. See, e.g., Beaver v. Exxon Mobil Corp., 348 Wis.2d 762, at * 8 (Wis. App. 2013) (citing John Doe 1 v. Archdiocese of Milwaukee, 303 Wis.2d 34, ¶ 62, 734 N.W.2d 827 (Wis. 2007) and Borello v. U.S. Oil Co., 130 Wis.2d 397, 411, 388 N.W.2d 140 (Wis. 1996)). Defendant has failed to establish that Decedent (and/or Plaintiff) knew of Decedent's asbestosis diagnosis prior to June 26, 2010 (or failed to exercise reasonable diligence in discovering it and its cause by that time). In other words, Defendant has failed to carry its burden of establishing that it is entitled to summary judgment on grounds of the statute of limitations. As such, Defendant's motion for summary judgment on this basis is denied. See Anderson, 477 U.S. at 248-50.

Expert Evidence re: Causation

Defendant argues that Plaintiff's claims must fail because she has no admissible expert medical causation evidence linking Decedent's illness to a product for which Defendant is liable. This argument fails. To begin, the case relied upon by Defendant in making this argument (Kujawski) was a medical malpractice case (not a product liability case) and, in any event, found that no expert evidence was required of the

E.D. Pa. No. 2:13-60017-ER          **AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

plaintiff therein. As such, the Court finds Defendant's cited
authority unpersuasive. As has been explained by the Court when
setting forth the product identification/ causation standard in a
product liability case under Wisconsin law, "[t]he issue of
causation is one for the jury" – because "Wisconsin courts have
found that when plaintiffs have presented credible evidence from
which a reasonable person could infer that [plaintiff] was
exposed to defendant's asbestos-containing products, then summary
judgment must be denied, and the question of causation given to a
jury." See, e.g., Ahnert v. CBS Corp., No. 10-67443, 2014 WL
6729826, at *1 (E.D. Pa. Aug. 4, 2014)(Robreno, J.)(quoting Horak
v. Building Servs. Indus. Sales Co., 309 Wis.2d 188, 750 N.W.2d
512, 517 (Wis. Ct. App. 2008)), and citing Zielinski v. A.P.
Green Indus., Inc., 263 Wis.2d 294, 661 N.W.2d 491, 497 (Wis. Ct.
App. 2003).)

## D.   Conclusion

        Summary judgment in favor of Defendant on grounds of
the statute of limitations is denied because Defendant has failed
to establish that Decedent (or Plaintiff) knew or should have
known of Decedent's diagnosis of asbestosis more than three years
before the filing of the present action.

        Summary judgment in favor of Defendant on grounds that
Plaintiff lacks expert evidence regarding specific causation is
denied because no such evidence is required under Wisconsin law.