IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGIA ARENDT, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | |
| | : | Transferred from the |
| v. | : | Eastern District |
| | : | of Wisconsin |
| | : | (13-00727) |
| A.W. CHESTERTON COMPANY, | : | |
| ET AL., | : | |
| | : | E.D. PA CIVIL ACTION NO. |
| Defendants. | : | 2:13-CV-60017-ER |

O R D E R

**AND NOW**, this **10th** day of **February, 2015**, it is hereby **ORDERED** that the Motion for Summary Judgment of Defendant Georgia Pacific LLC (Doc. No. 29) is **DENIED.**[1]

---

[1] This case was transferred in August of 2013 from the United States District Court for the Eastern District of Wisconsin to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiff Georgia Arendt ("Plaintiff") has brought this wrongful death action seeking compensation (including for loss of consortium) after the death of Anthony Arendt ("Decedent" or "Mr. Arendt"). (See Complaint, Doc. No. 26-6.) Decedent worked as a factory worker at Green Bay Paper in Wisconsin from 1953 to 1993. Defendant Georgia Pacific LLC ("Georgia Pacific") manufactured products that were present at Green Bay Paper during Decedent's work there. Plaintiff has alleged that Decedent was exposed to asbestos from Defendant's product(s). Decedent was diagnosed with asbestosis in August of 2006. He passed away in February of 2013.

Prior to his death, Decedent had filed a separate action, which was removed to MDL-875 (E.D. Pa. Civil Action No. 2:09-cv-91900) and later dismissed (by Order dated March 12, 2012) pursuant to Administrative Order 12 ("AO-12") for failure to provide evidence of physical impairment. (See Doc. No. 26-5 at 3-4, Ex. D (dismissing pursuant to terms set forth in the Court's

---

Order dated November 11, 2011), and Doc. No. 26-4 (Order dated November 11, 2011).)

Defendant Georgia Pacific has moved for summary judgment, arguing that it is entitled to summary judgment because Decedent's prior action was dismissed (for failure to provide evidence of physical impairment) and Plaintiff's current claims are derivative of those dismissed claims under Wisconsin law.

The parties agree that Wisconsin law applies.

I. **Legal Standard**

   A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." <u>Am. Eagle Outfitters v. Lyle & Scott Ltd.</u>, 584 F.3d 575, 581 (3d Cir. 2009) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." <u>Pignataro v. Port Auth. of N.Y. & N.J.</u>, 593 F.3d 265, 268 (3d Cir. 2010) (citing <u>Reliance Ins. Co. v. Moessner</u>, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 250.

   B. <u>The Applicable Law</u>

      1. Procedural Matters (Federal Law)

---

In multidistrict litigation, "on matters of procedure, the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.). Therefore, in addressing the procedural matters herein, the Court will apply federal law as interpreted by the Third Circuit Court of Appeals. Id.

        2.    Substantive Matters (State Law)

The parties have agreed that Wisconsin substantive law applies. Therefore, this Court will apply Wisconsin substantive law in deciding Defendant's Motion for Summary Judgment. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

## II. Defendant Georgia Pacific's Motion for Summary Judgment

### A. Defendant's Arguments

Georgia Pacific argues that it is entitled to summary judgment because Decedent's prior action was dismissed (for failure to provide evidence of physical impairment) and Plaintiff's current claims for wrongful death and loss of consortium are derivative of those dismissed claims under Wisconsin law. Therefore, according to Georgia Pacific, the Court's March 12, 2012 dismissal of Decedent's action precludes the present action by Plaintiff.

In its reply brief, Georgia Pacific argues that Plaintiff cannot show that the claims in the present action are based on an illness other than that underlying the claims dismissed in Decedent's action. It therefore contends that Plaintiff's claims are barred by this Court's March 12, 2012 dismissal of Decedent's action (with claims premised on the same illness underlying Plaintiff's present claims).

### B. Plaintiff's Arguments

Plaintiff contends that her claims are not barred by the Court's March 12, 2012 dismissal of Decedent's claims because Decedent's claims were dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with federal or local court rules – and the present action is a different pleading.

3

E.D. Pa. No. 2:13-60017-ER         AND IT IS SO ORDERED.

/s/ Eduardo C. Robreno
_____
EDUARDO C. ROBRENO, J.

### C. Analysis

Federal Rule of Civil Procedure 41(b) provides:

> <u>Involuntary Dismissal; Effect.</u> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. **Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule** – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – **operates as an adjudication on the merits**.

Fed. R. Civ. P. 41(b) (emphasis added).

This Court's March 12, 2012 Order ("March 2012 Order") dismissed Plaintiff's prior action for "failure to show any asbestos-related impairment." (<u>See</u> Doc. No. 26-5 at ¶ 6 and Ex. D). The March 2012 Order states that it its dismissals are in accordance with the Court's reasoning set out in its Memorandum Opinion accompanying its Order dated November 11, 2011 ("November 2011 Order"). The March 2012 Order, like the November 2011 Order, identified different groups of cases that received different rulings by the Court, for different reasons and on different terms. The November 2011 Order makes clear that cases dismissed for "failure to show impairment" are dismissed without prejudice. (<u>See</u> Doc. No. 26-4 at ¶ 6.) As such, pursuant to the November 2011 and March 2012 Orders, Decedent's prior action was dismissed without prejudice. For this reason, the Court must reject Defendant Georgia Pacific's argument that the dismissal of Decedent's action bars Plaintiff's present action, as a dismissal without prejudice, by definition, does not bar the refiling of another action. Rule 41(b) supports this conclusion, at is makes clear that dismissals are only considered an adjudication on the merits if the Court's Order does not indicate otherwise. The November 2011 and March 2012 Orders clearly indicate otherwise – that the dismissal of Decedent's action was without prejudice. Accordingly, Defendant's motion for summary judgment is denied.

4